UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE ANTWYON TILLMAN,

        Plaintiff,                             Case Number: 24-cv-11900
                                                          Honorable Mark A. Goldsmith

v.

M. DAVIS et al.,

        Defendants.

_____/

## OPINION & ORDER DISMISSING CASE WITHOUT PREJUDICE

Before the Court is Plaintiff Duane Antwyon Tillman's complaint filed under 42 U.S.C. § 1983 (Dkt. 1). For the reasons provided, the complaint is dismissed without prejudice.

On July 26, 2024, Chief Magistrate Judge David R. Grand signed an order of deficiency in this case because Plaintiff had neither paid the filing fee nor moved to proceed in forma pauperis. 7/26/24 Order (Dkt. 4). The order required Plaintiff to file the proper documents or pay the filing fee within thirty days. Id. The order cautioned that failure to comply would result in dismissal of the case for want of prosecution. Id.

A prisoner seeking leave to proceed without prepayment of fees and costs in a civil action in federal court must file an affidavit of indigency and a certified copy of his prison trust fund account statement for the 6-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).

While Plaintiff has filed an application to proceed without prepayment of fees (Dkt. 6), he has not filed an affidavit of indigency or a certified trust account statement. If an incarcerated person who does not pay the full filing fee fails to provide the required papers to proceed in forma pauperis, the district court must, as this Court did, notify them of the deficiency, and the

incarcerated person will then have thirty days to correct the error or to pay the full filing fee. Erby v. Kula, 113 F. App'x 74, 75–76 (6th Cir. 2004) (citing McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997)). If the prisoner does not correct the deficiency, "'the district court must presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." Id. at 76 (citing McGore, 114 F.3d at 605). By not providing the documentation needed to proceed in forma pauperis or submitting the filing and administrative fees, Plaintiff failed to comply with the deficiency order.

Accordingly, the complaint is dismissed without prejudice. Plaintiff may file a new civil rights complaint under a new case number, provided he pays the filing and administrative fees or files the necessary documentation to proceed without prepayment of fees.

SO ORDERED.

Dated: February 6, 2025      s/ Mark A. Goldsmith
Detroit, Michigan     MARK A. GOLDSMITH
    United States District Judge